IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID MALCICH, | |
| Plaintiff, | |
| v. | Case No. 4:22-cv-00326 |
| LION PETROLEUM, INC. | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO STAY THE CASE**

COMES NOW Defendant Lion Petroleum, Inc. ("Lion"), by and through its undersigned counsel, and for its Memorandum in Support of its Motion to Stay the Case, states as follows:

**INTRODUCTION**

Plaintiff brings a single count Complaint alleging various violations of the 2010 ADA Standards in violation of Title III of the ADA. First and foremost, Lion takes its responsibilities under Title III of the ADA very seriously and is committed to compliance therewith. Yet, despite the allegations contained in the Complaint, this action is really *Seinfeldian* in nature insofar it is a case that is truly about "nothing". It is this "nothingness" that warrants granting Lion's instant Motion to Stay.

On April 20, 2022, the Court's issued an Order Setting Rule 16 Conference, assigning this case to Discovery Track 1 and requiring that the parties submit a Joint Scheduling Plan to the Court by May 12, 2022 [Doc # 10]. On April 26, 2022, counsel for the parties conducted a telephonic Rule 26(f) meet and confer conference, where counsel for Plaintiff informed counsel for Lion that Plaintiff desired to seek a Discovery Track 2 designation because he curiously plans on conducting

extensive expert discovery. For the purposes of transparency and professionalism, Lion's counsel then informed Plaintiff's counsel of its intent to file this Motion on the basis that the case is effectively moot. In this regard, most of the alleged ADA violations in Plaintiff's Complaint have already been fully remediated and further informed counsel that Lion would produce evidence in its Motion to Stay of said remediation. Lion's counsel further explained that Lion would make reasonable efforts to ensure Plaintiff had access to the property in question to monitor ADA compliance. Thus, in Lion's view, there is no further relief to be had, rendering the case effectively moot, *i.e.*, about nothing.

Inexplicably, within two hours after the completion of the Rule 26(f) conference and with the full knowledge of the near full remediation and of the pending filing of the instant Motion, Plaintiff served Lion with its First Set of Interrogatories and First Requests for Production. (**Ex. A**, Plaintiff's First Interrogatories to Defendant); (**Ex. B**, Plaintiff's First Requests for Production to Defendant). It is incomprehensible why Plaintiff's counsel would want to engage in extensive and, arguably, overly burdensome discovery with full knowledge that the majority of the ADA violations set forth in the Complaint have already been remediated and, with the assurance of reasonable access for future monitoring. Lion respectfully suggests the Court should view Plaintiff's counsel's actions for what they are --- engaging in vexatious litigation tactics aimed at needlessly inflating the attorneys' fees Plaintiff's counsel ultimately hopes to collect from Lion. Stated affirmatively, Plaintiff's precipitous actions of propounding burdensome and disproportionate discovery with full knowledge that most of his requested relief has already been accomplished provides this Honorable Court with a compelling and independent basis for granting the instant Motion.

**FACTUAL BACKGROUND**

Lion is the owner and operator of the gas station that is the subject of this case (the "Station"). (Doc. # 1, Plaintiff's Complaint, at ¶10). Plaintiff has asserted that he visited the Station in January 2022. (*Id.* at ¶9). Plaintiff contends that during his visit he encountered numerous ADA violations. (*Id.* at ¶25). Plaintiff <u>never</u> attempted to resolve this matter or bring the alleged ADA violations to Lion's attention prior to his counsel sending a settlement demand letter, dated February 14, 2022, seeking payment of his attorneys' fees. (**Ex. C**, Declaration of Zarar K. Lodhi, at ¶3); (**Ex. D**, Settlement Demand Letter Dated February 14, 2022).

Plaintiff's conduct is not surprising insofar as he appears to be a serial ADA litigant. A mere PACER search reveals that, since October of 2021, Plaintiff has filed eighteen ADA cases in the Eastern District of Missouri alone.[1] (**Ex. E**, Docket Search Nationwide). Lion is in the process of correcting all of the alleged ADA violations outlined in the Complaint. (**Ex. C**, Declaration of Zarar K. Lodhi, at ¶5-6). Lion has employed the services of an architect who has prepared plans to remediate all of the alleged ADA violations present at the Station. (*Id.*). To date, most of the out of compliance conditions have been fully remedied. (*Id.*).

**ARGUMENT**

**I.  <u>The Court has authority to enter a stay.</u>**

The Court may stay discovery for good cause shown and has broad discretion to control the scheduling of events in matters on its docket. Fed. R. Civ. P. 26(b)(1) (discovery needs to be

---

[1] Plaintiff's tactics follow a nationwide trend. The number of these types of non-employment ADA cases has more than tripled from 2010 to 2017. Judiciary Data and Analysis Office of the Administrative Office of the U.S. Courts, *Just the Facts: Americans with Disabilities Act*, https://www.uscourts.gov/news/2018/07/12/just-facts-americans-disabilitiesact#:~:text=The%20ADA%20prohibits%20discrimination%20against,law%20by%20President%20George%20H.W (published July 12, 2018).

3

"proportional to the needs of the case"); *Jones v. Clinton*, 72 F.3d 1354, 1361 (8th Cir. 1996); *Christian v. Frank Bommarito Oldsmobile, Inc.*, 4:08CV1423JCH, 2009 WL 1657423, at *3 (E.D. Mo. June 10, 2009) ("district court with discretion to limit discovery if it determines the burden or expense of the proposed discovery outweighs its likely benefit").

## II. A stay is warranted.

The balance in this case clearly favors a stay. There is absolutely no need to engage in extensive discovery as sought by Plaintiff as Lion is in the process of fully remediating all of the alleged violations to come into full ADA compliance. In a similar ADA case, Judge O'Hara in the Western District of Missouri granted a similar motion to stay based on Rule 26(b)(1)'s proportionality mandate. *Nekouee v. Ashkay Hotels, LLC*. 18-2293-JAR-JPO, 2019 WL 2103121, at *1 (D. Kan. May 14, 2019). That Court, as this Court should, recognized that incurring legal fees and expenses of engaging in needless discovery is not proportional to the needs of the case, especially when Lion is voluntarily correcting the alleged out of compliance conditions. To date, nearly all of the alleged ADA violations contained in Plaintiff's Complaint have already been remediated. For instance:

   a. Paragraph 25(a) – There is van accessible parking present at the Station. (**Ex. C**, Declaration of Zarar K. Lodhi, at ¶6(a)).

   b. Paragraph 25(b) – There are enough designated accessible parking spaces present in the parking facility servicing the Station. (*Id.* at ¶6(b)).

   c. Paragraph 25(c) – There are access aisles serving parking spaces at the Station. (*Id.* at ¶6(c)).

   d. Paragraph 25(e) – There is visible upright signage displaying the International Symbol of Accessibility designating parking spaces as accessible at the Station. (*Id.* at ¶6(d)).

   e. Paragraph 25(f) – The paint delineating the accessible parking spaces and access aisles is being maintained at the Station. (*Id.* at ¶6(e)).

4

    f. Paragraph 25(g) – There is an accessible route provided within the premises of the Station from the public sidewalk which serves the facility at the Station. (*Id.* at ¶6(f)).

    g. Paragraph 25(j) – The self-serve tableware, cups, straws, condiments, and/or drink dispensers are accessible to wheelchair users at the Station. (*Id.* at ¶6(g)).

    h. Paragraph 25(k) – There is a sales counter accessible to wheelchair users at the Station. (*Id.* at ¶6(h)).

At this juncture, Plaintiff's desire to aggressively litigate this case is simply not warranted given the fact that most of the violations outlined in Plaintiff's Complaint have already been remediated by Lion. As previously set forth, until such remediation efforts are fully completed, and to the extent Plaintiff actually desires to visit the property, Lion will make reasonable efforts to ensure that Plaintiff is provided with readily achievable alternative methods to access its goods and services. Further, Lion will provide Plaintiff with reasonable access to the Station to monitor and verify its ongoing compliance with Title III of the ADA and the 2010 ADA Standards.

It belies judicial economy for Lion to incur further fees and expenses to develop a case in discovery where it is agreeing to voluntarily subject itself to the substantive relief requested. If Plaintiff is truly motivated by ADA compliance, then he should have absolutely no objections with this case being stayed while Lion completes its remediation plans and fully achieves the remedial remedy Plaintiff seeks in his Complaint. Unless, of course, Plaintiff's true motive is to needlessly inflate the attorneys' fees he ultimately and undoubtedly will seek from Lion.

In addition, the requested stay will further promote the parties' continued settlement negotiations. In this regard, as required by Rule 26(f), the parties have commenced settlement negotiations. In Lion's view given that most, if not all, of the remedial relief has already been satisfied a prompt resolution should be forthcoming.

In summary, this *Seinfeldian* litigation has been unnecessary before the filing of the Complaint, and Plaintiff's single claim, for all intents and purposes, is now moot. As Lion expects that the few remaining remediation efforts that is undertaking will require additional time to complete and to further effectuate settlement efforts, Lion respectfully requests that this Honorable Court stay the discovery proceedings until the remediation plan already in place can be fully completed.

## **CONCLUSION**

WHEREFORE Defendant Lion Petroleum respectfully requests this Honorable Court to grant its Motion for Stay, in its entirely, and enter an Order staying the discovery proceedings until the sooner of ninety (90) days or until Lion's remediation plans already in place can be fully completed, and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

SMITHAMUNDSEN LLC

*/s/ Timm W. Schowalter*
Timm W. Schowalter, #45831
Giovanni V. DeGregorio, #73679
120 S. Central Ave., Suite 700
St. Louis, MO  63105
Main: (314) 719-3700
Direct: (314) 719-3798 (Schowalter)
Direct: (314) 719-3743 (DeGregorio)
tschowalter@salawus.com
gdegregorio@salawus.com

ATTORNEYS FOR DEFENDANT
LION PETROLEUM, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 27, 2022 the foregoing document was electronically filed and served upon all parties of record by the United States District Court's CM/ECF system.

*/s/ Timm W. Schowalter*_____