# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

DAVID MALCICH,

    Plaintiff,

v.                                                                      Case No. 4:22-cv-00326

LION PETROLEUM, INC.

    Defendant.

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY

    Defendant, Lion Petroleum, Inc. ("Lion"), by and through its undersigned counsel, hereby files its Reply to Plaintiff's Response to Defendant's Motion to Stay, and states as follows:

    Prior to the Court's Rule 16 Conference, Lion filed a straight forward Motion to Stay derived from the common sense proposition that it is senseless to establish a discovery plan and engage in protracted discovery when most of the remedial actions sought by Plaintiff in his complaint have been completed. It is not Lion's intent, yet, to fully brief the continued viability of Plaintiff's claim.[1] Rather, at this juncture, Defendant only seeks a brief stay of no greater than ninety (90) days to allow for full remediation and to continue settlement negotiations. Curiously, Plaintiff disagrees with Lion's common sense and fiscally responsible approach and, in doing so, sets forth several unavailing arguments.

---

[1] Lion did not file a motion to dismiss because it would have been futile given the standard of review for a motion to dismiss. As this Court explained, "When considering a 12(b)(6) motion, the court assumes that the factual allegations in the complaint are true, and construes them in favor of the plaintiff." *Missouri Primate Foundation v. People of Ethical Treatment of Animals, Inc.*, 2020 WL 4934254 (E.D. Mo. 2020) citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). It is evident from the face of the Complaint that if all factual allegations must be taken as true then Plaintiff's Complaint satisfies the lenient *Twombly* standard.

      A.      <u>Plaintiff's Claim Is Nearly Moot and Therefore Extensive Discovery Is Improper.</u>

Plaintiff takes exception to Lion's characterization of this case as *Seinfeldian*. Yet, Plaintiff does not dispute the factual basis for the infamous sitcom reference that most of the remedial actions sought by Plaintiff have been remediated. Under Eighth Circuit jurisprudence, this undisputed fact will make Plaintiff's claim moot rendering any discovery improper and/or disproportionate to the needs of the case.[2]

The Eighth Circuit has made it clear that injunctive relief is the only private relief available in a Title III case such as Plaintiff's case. *See, e.g.*, *Hillesheim v. Holiday Stationstores, Inc.*, 953 F.3d 1059, 1062 (8th Cir. 2020) (concluding that the case was moot because "injunctive relief is the only private relief available in a Title III case").[3] Furthermore, it is equally clear under Eighth Circuit law that ADA Title III cases become moot when there is no longer a 'Case' or 'Controversy' for purposes of Article III. *Dalton v. NPC International, Inc.*, 932 F.3d 693, 695 (8th Cir. 2019). "Generally, a claim is moot when changed circumstances already provide the requested relief and eliminate the need for court action." *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018). There is no longer a "Case" or "Controversy" when the "allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs*. (TOC), Inc., 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Here most, if not all, of the alleged wrongful conditions have been remediated. Accordingly, much of the noncompliant conditions brought in the lawsuit are effectively moot.

---

[2] Not *Seinfeldian* jurisprudence as contended by Plaintiff. *See*, Plaintiff's Response, p. 2.

[3] See also, *Stebbins v. Legal Aid of Arkansas*, 512 Fed. Appx. 662, 663 (8th Cir. 2013) ("Title III of the ADA does not provide for private actions seeking damages"); *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006) (holding Plaintiff's Title III claim moot because "Title III provides only injunctive relief...").

31906117_1.docx

*Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018)("The lawsuit, as brought by [plaintiff] became moot after [defendant's] remediation.").

To escape this predicament, Plaintiff argues that Lion's voluntary cessation of a challenged practice does not necessarily moot a case and, consequently, extensive discovery is necessary.[4] Plaintiff's argument, however, is legally erroneous because he relies on the general rule but fails to address the controlling exception. Notably, under Eighth Circuit Title III law, a case still becomes moot if the defendant shows that "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Davis. v. Morris-Walker, Ltd.*, 922 F.3d 868, 870 (8th Cir. 2019); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citation omitted).

As in the authority cited above, Lion has made permanent and structural changes including but not limited to, permanent changes to its parking lot, postage of permanent signage, and the installation of accessible sales counters. *See also*, Exhibit C- Declaration of Zarar Lodhi, ¶ 6. [ECF 12-3]. Under such circumstances, the Eighth Circuit has consistently concluded that such remediations are permanent such that the ADA violations are not reasonably likely to recur. *Dalton v. NPC International, Inc.*, 932 F.3d 693, 695 (8th Cir. 2019); *Hickman v. Missouri*, 144 F.3d 1141, 1144 (8th Cir. 1998) (first quoting *Preiser v. Newkirk*, 422 U.S. 395, 402, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); and then quoting *Allen v. Likins*, 517 F.2d 532, 535 (8th Cir. 1975). Stated differently, Lion's remedial efforts have sufficiently changed the circumstances of the action by providing Plaintiff's most of the requested relief. *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018).

---

[4] Plaintiff reliance on Texas and California authority in Section E of his Response (pp.7-8) is not persuasive insofar as the authority is contrary to controlling Eighth Circuit precedent.

3

  B. <u>Plaintiff Does Not Have Standing To Discover Additional ADA Violations and Therefore Any Related Discovery Is Improper</u>

Plaintiff's contention that expert discovery is necessary to "identify the barriers that exist at that location" is misguided. *See*, Section D of Plaintiff's Response, p. 6. The only discovery, if any, that may be appropriate in the future is discovery directly related to the alleged noncompliant conditions set forth in Plaintiff's Complaint, which for the most part have been fully remediated. The Eighth Circuit has consistently articulated that an ADA litigant does not have standing to pursue ADA violations not set forth in the complaint. *See*, *Davis v. Anthony, Inc.*, 886 F.3d 674 (8th Cir. 2018) (refusing to follow *Doran v. 7-Eleven, Inc.* and refusing to adopt the deterrent effect doctrine); *Dalton v. NPC International, Inc.*, 932 F. 3d 693, 695 (8th Cir. 2019) (holding plaintiff lacked standing to challenge the unpled architectural barriers); *See also*, *Davis v Morris-Walker, Ltd.*, 922 F.3d 868, 871 (8th Cir. 2019)(addressing plaintiff's lack of standing to pursue violations outside the scope of the complaint). It is, therefore, axiomatic that if Plaintiff does not have standing to pursue unpled violations then he is foreclosed from using discovery as a roving commission to uncover unknown and unpled violations.

  C. *Nekouee v. Ashkay Hotels* Fully Supports the Granting of Lion's Motion to Stay

Plaintiff completely misses the point with respect to Lion's reliance on *Nekouee* because *Nekouee v. Ashkay Hotels* is directly on point. In both cases, the Defendants remediated most of the alleged noncompliant conditions and out of judicial economy sought a brief stay of discovery to allow for additional time to complete remediation and plaintiff's verification. The only factual distinction between the cases is that Lion has requested a shorter stay (90 days) than requested and granted in *Nekouee* (4 months). Further, as in *Nekouee*, Lion has represented that it has no objection with Plaintiff's inspection of its property to confirm the sufficiency of the remedial

measures. In fact, Lion has represented that it will facilitate Plaintiff's efforts. See, Exhibit Declaration of Zarar Lodhi, ¶ 7. [ECF 12-3]. Such an inspection is encouraged by Lion because it will undoubtedly verify the facts giving rise to complete mootness of Plaintiff's claim and, thereby, preclude the entry of injunctive relief. Thus, as in *Nekouee*, Lion requests this Honorable Court to hold that "plaintiff's opposition to a limited stay simply can't be squared with the proportionality mandate of Fed. R. Civ. P. 26(b)(1)" *Id.*

    D.  Conclusion

In summary, common sense and judicial economy compels the granting of this instant Motion. Once again, at this juncture, Defendant is not arguing that Plaintiff's entire claim is completely moot and this Court lacks subject matter jurisdiction for dismissal purposes. Rather, Defendant contends that most of the conditions serving as the basis of Plaintiff's Complaint have already been fully remediated resulting in near mootness, which renders conducting extensive discovery disproportionate to the needs of the case under Rule 26(b)(1). Unless the parties are able to reach a settlement accord, Lion will inevitably file a motion for summary judgment upon the arrival of complete mootness.

Accordingly, for the reasons set forth herein and in accordance with the authorities cited above, Lion respectfully requests that this Honorable Court grant its Motion to Stay, in its entirety, and thereby grant a brief stay of no greater than ninety (90) days to allow for full remediation and to foster settlement negotiations.

Respectfully submitted,

S<small>MITH</small>A<small>MUNDSEN</small> LLC

*/s/ Timm W. Schowalter*
Timm W. Schowalter  #45831MO
Giovanni V. DeGregorio #73679MO
120 S. Central Ave., Suite 700
St. Louis, MO  63105
Main: (314) 719-3700
Direct: (314) 719-3798
tschowalter@salawus.com
gdegregorio@salawus.com
*Attorneys for Defendant Lion Petroleum, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 29, 2022 the foregoing document was electronically filed and served upon all parties of record by the United States District Court's CM/ECF system .

*/s/ Timm W. Schowalter*